

## NUMBER 13-12-00589-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**DAVID NORWAY WINSTEAD,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

---

### On appeal from the 357th District Court
### of Cameron County, Texas.

---

## ORDER ABATING APPEAL

### Before Justices Rodriguez, Garza, and Perkes
### Per Curiam

Before us is a document titled "Appearance of Counsel," a motion to re-brief, and a motion to check out the clerk's record and the reporter's record, all filed on April 8, 2014 by Larry Warner, who identified himself as counsel for appellant David Norway Winstead. *See* TEX. R. APP. P. 6.2 ("An attorney other than lead counsel may file a notice stating that the attorney represents a specified party to the proceeding . . . ."). Yet on September

19, 2012, after appellant David Norway Winstead filed an affidavit of indigency, the trial court had determined Winstead was "too poor to employ counsel" and had appointed Alfredo Padilla to defend him. Padilla filed a timely notice of appeal and, in this appeal, is identified as lead counsel. *See id.* at R. 6.1 ("Unless another attorney is designated, lead counsel for an appellant is the attorney whose signature first appears on the notice of appeal."). On May 30, 2013, Padilla filed Winstead's appellate brief presenting eight issues for this Court's consideration. On July 30, 2013, the State filed its brief. We submitted this appeal on December 17, 2013.

Now Warner is seeking to review the record and independently determine "viable issues" on appeal. He also asks that we allow rebriefing, suggesting by the authority he cites that this is in light of Winstead's desire to have private counsel retained by his family. The certificate of service on each of the above documents reflects that Warner copied only the Cameron County District Attorney's office. He did not copy Padilla, Winstead's lead counsel on appeal. *See id.* at R. 6.3 ("Any notice, copies of documents filed in an appellate court, or other communications must be sent to . . . each party's lead counsel on appeal."). Padilla has filed no motion to withdraw. *See id.* at R. 6.5 (providing that an appellate court may, on appropriate terms and conditions permit an attorney to withdraw from representing a party in the appellate court). We have received no appropriately signed designation of new lead counsel. *See id.* at R. 6.1(c) ("If a new lead counsel is being designated, both the new attorney and either the party or the former lead counsel must sign the notice.").

2

Because we are unable to determine who is representing Winstead in this appeal and what Winstead's desires are in this matter, we ABATE the appeal and REMAND the cause to the trial court for clarification. Upon remand, the trial court shall hold a hearing, if necessary, and shall make and reduce to writing any findings and orders clarifying Winstead's desires regarding the prosecution of this appeal and his representation. The trial court shall cause its findings and conclusions, together with any orders it may enter, to be included in a supplemental clerk's record. It shall also cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order. This appeal will be reinstated upon receipt of the foregoing materials and upon further order of this Court.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of April, 2014.